IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )    Chapter 7
RAGAN C. CRAIG,                 )
                                )    Bankruptcy No. 04-03870
        Debtor.                 )

## ORDER RE MOTION FOR SANCTIONS

On May 17, 2005, the above-captioned matter came on for hearing pursuant to assignment. Debtor Ragan C. Craig appeared in person with his attorney, Steven Klesner. No one else appeared for any other party. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

## STATEMENT OF THE CASE

Debtor filed a Motion for Sanctions under 11 U.S.C. § 524(a)(2). He asserts Capital One Bank is improperly attempting to collect a discharged debt by billing his wife in violation of the discharge injunction. Capital One has not responded.

## FINDINGS OF FACT

Debtor Ragan Craig filed a Chapter 7 petition on October 1, 2004. It appears that the administration of this case was uneventful and Debtor was eventually granted a discharge on January 12, 2005. Debtor filed his case individually; his wife, Joyce Craig, was not joined as a codebtor. At all relevant times, Debtor and his spouse lived together as husband and wife and continued to do so as of the time of hearing.

Debtor listed two Capital One accounts in his Chapter 7 schedules. One of the accounts was jointly owed by Debtor and his wife. Debtor listed the creditor as Capital One FSB and the account number as xxxx-xxxx-xxxx-3956 (the "3956 account"). The second account was held solely in the name of Debtor Ragan C. Craig. This claim was held by Capital One Bank and has an account number of xxxx-xxxx-xxxx-0440 (the "0440 account").

The record establishes that, in November 2004, Capital One Bank began billing Joyce Craig on the 0440 account even though she is not a named party on the account. She began to make some payments on this account due to her concern that Capital One may impair her credit rating if she did not pay. Joyce Craig has continued to receive monthly billing statements from Capital One since November 2004, though she has stopped making payments on this account.

Mr. Klesner wrote a letter to Capital One Bank on December 15, 2004 seeking an explanation why Capital One Bank was sending billing statements to Joyce Craig when the account was solely in the name of Ragan Craig. He received no response to this letter. Mr. Klesner sent a follow-up letter on January 5, 2005 again referencing this issue and indicating that litigation would be pursued if the mailing of demands to Joyce Craig continued. Since the filing of the bankruptcy, Debtor has not personally received any separate demands or follow-up letters from Capital One.

Capital One Bank did not respond to Mr. Klesner's communications and did not appear or respond to Debtor's Motion for Sanctions. In the absence of a response by Capital One, the Court assumes, for purposes of this proceeding, that Capital One has no basis for imposing liability on Joyce Craig for her husband's individual credit card account which has been discharged in bankruptcy.

Debtor asserts that he has suffered damages as a result of Capital One's violation of § 524. He requests imposition of sanctions plus punitive damages, the cost of this action, as well as attorney's fees. By way of damages, Joyce Craig asserts that she has lost at least three hours of work and earns $21.93 per hour. Debtor testified that he is a trucker and that he earns $.13 per mile. Because of these proceedings, he has been required to refuse work and has lost wages.

**CONCLUSIONS OF LAW**

Section 524(a) prohibits any attempt to hold the debtor liable on discharged debt. It provides, in relevant part, that a discharge in bankruptcy:

> (2) operates as an injunction against the
> commencement or continuation of an action, the

2

> employment of process, or an act, to collect,
> recover or offset any such debt as a personal
> liability of the debtor, whether or not the
> discharge of such debt is waived.

The burden rests with the movant to show by clear and convincing evidence that the offending creditor had knowledge of the discharge and willfully violated it by pursuing collection activities. In re Goodfellow, 298 B.R. 358, 362 (Bankr. N.D. Iowa 2003).

Section 524 makes clear that a bankruptcy discharge operates as a continuing stay after the close of the case, enjoining only acts to recover or offset discharged debts "as a personal liability of the debtor." In re Northeast Glass, Inc., 112 B.R. 475, 477 (Bankr. D. Mass. 1990); 11 U.S.C. § 524(a)(2). It "does not affect the liability of any other entity on, or the property of any other entity for, such debt." Northwest Glass, 112 B.R. at 478; 11 U.S.C. § 524(e). "The discharge in bankruptcy, along with the coextensive permanent injunction and fresh start, are exclusive to the debtor, and do not otherwise affect the enforcement of any underlying debt, or any nondebtor liability thereon." In re Jason Pharmaceuticals, Inc., 244 B.R. 315, 321 (Bankr. D. Md. 1998). Just as the discharge is personal to the debtor, so to is the permanent injunction arising from § 524(a). Id. at 322.

> What is important to keep in mind is that a
> discharge in bankruptcy does not extinguish the debt
> itself but merely releases the debtor from personal
> liability which, by virtue of section of 524(a)(2)
> bars its enforcement against him. The debt still
> exists, however, and can be collected from any other
> entity that might be liable.

In re Lembke, 93 B.R. 701, 702 (Bankr. D.N.D 1988).

Some courts have allowed that actions which, regardless of their superficial rationalization, are intended and actually work to extort payment of a discharged debt, may violate the discharge under § 524. In re Jacobs, 149 B.R. 983, 991 (Bankr. N.D. Okla. 1993), citing In re Lanford, 10 B.R. 132 (Bankr. D. Minn. 1981) (withholding college transcript); In re Goodman, 34 B.R. 23 (Bankr. D. Ore, 1983) (criminal prosecution); In re Olson, 38 B.R. 515 (Bankr. N.D.

Iowa 1984) (refusing medical services); In re Guinn, 102 B.R. 838 (Bankr. N.D. Ala. 1989) (refusal to deal and termination of credit union membership).  These cases, however, all concern creditor actions taken directly against discharged debtors.  See, e.g., Jacobs, 149 B.R. at 993 (insurance commissioner attempting to revoke debtor's insurance agent license for nonpayment of debt).

## ANALYSIS

The application of § 524(a) is problematic in this case. Generally, this section enjoins collection efforts against the debtor after the discharge is entered but allows collection efforts against any nondebtor party jointly liable on the debt.  In this case, Joyce Craig is neither a debtor nor jointly liable on the debt.

Debtor argues that Capital One's actions against his wife are improper attempts to get him to pay in order that his wife will be free from the creditor's pressures.  It is impossible to determine whether that interpretation is accurate.  At any rate, this is not the type of action which is barred by § 524(a)(2).  Since Capitol One's actions are not directed at Debtor himself, the Court must conclude that § 524(a)(2) does not apply.

The Court does not intend to minimize the effect of Capitol One's actions on Mrs. Craig.  The Court must assume that Mrs. Craig is not liable on the account for which she is being billed, based on Capitol One's failure to respond.  As such, Capitol One's collection efforts are questionable at best.  The Court's action here does not extinguish all remedies.  Mrs. Craig has potential causes of action under Iowa law or Federal consumer protection laws, which she is free to pursue in the proper forum.

**WHEREFORE**, Debtor's Motion for Sanctions is DENIED.

DATED AND ENTERED: May 26, 2005

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE